UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD C. POE II, et al.**, <br><br> Plaintiffs, <br><br> vs. <br><br> **FCA US LLC**, <br><br> Defendant. | **2:21-CV-11668-TGB-CI** <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER GRANTING DEFENDANT'S MOTION TO STAY** <br> **(ECF NO. 31)** |

This case is before the Court on remand from the Sixth Circuit Court of Appeals, which found two of Plaintiffs' claims viable. Both of those claims specifically depend on the outcome of state litigation regarding ownership of car dealership assets at the Texas Probate Court ("State Litigation").

Defendant FCA has moved to stay this case pending the outcome of the State Litigation, and the Poe Plaintiffs concur. ECF Nos. 31, 32. However, Poe asks that the Court also order FCA to participate in discovery as a non-party in the State Litigation. ECF No. 32. FCA opposes such a condition. ECF No. 33. Having reviewed parties' briefing and the Sixth Circuit's remand order, the Court concludes that Defendant's motion to stay is well taken and must be **GRANTED** without additional conditions.

1

## I.   BACKGROUND

The facts underlying this dispute were set out in detail in the background section of the Court's September 27, 2022 Order on Defendant's Motions to Dismiss, which is incorporated herein by reference. *See* ECF No. 23, PageID.200–04. Plaintiffs appealed the decision to dismiss on October 26, 2022. ECF No. 25. The Sixth Circuit remanded the case as to the conversion and conspiracy claims because they were not time-barred. ECF No. 27, PageID.229–30. It wrote:

> Poe's ownership of the dealerships' assets (the subject of the share-issuance litigation) is an element of his conversion claims. Forcing Poe to litigate the ownership issue twice would risk inconsistent results and waste judicial resources. *The legal-impediment rule therefore tolls the limitations period on his conversion claim until the state courts issue a final judgment in the pending shares litigation.* … Poe's civil conspiracy claim is based in part on his conversion claim … *conspiracy takes its limitations period from the underlying tort*.

*Id.* (emphasis added).

In July 2023, parties appeared for a status conference where they disagreed about staying or continuing the case. The Court instructed parties to confer regarding whether they could reach an agreement as to a stay, but also authorized FCA to file a motion to stay if they could not agree. ECF No. 31, PageID.245. In response to FCA's motion, Plaintiffs state that they "do not oppose a stay in this case," and agree with Defendants "that resolution of the State Litigation is linked to the claims,

2

defenses, and viability of the conversion and conspiracy claims." ECF No. 32, PageID.368–69.

Therefore, Poe and FCA agree that this case should be stayed while underlying state litigation continues. ECF No. 31, 32. However, Poe also asks the Court to order that "Defendants, FCA US LLC, shall fulfill their obligation to participate in discovery in the State Litigation." ECF No. 32-1, PageID.372. This Order will address the stay itself and the proposed discovery condition.

## II. LEGAL STANDARD

The Court may stay proceedings under its inherent power and within its discretion. District courts weigh four factors in that determination: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis v. North American Co.*, 299 U.S. 248, 255 (1936). *See also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

## III.  DISCUSSION

**A. Whether the Court Should Stay the Case Proceedings**

Parties agree that this case should be stayed. ECF No. 31, PageID.251, ECF No. 32, PageID.368–39. After considering the four factors, so does the Court.

> *1. Potentiality of another case having a dispositive effect on the case to be stayed*

The outcome of the State Litigation may dispose of this case as well, and this circumstance strongly supports granting a stay. Defendants say that the viability of the conversion and conspiracy claims rises or falls based on the validity of the shares that were issued, which the Texas Probate Court is deciding. ECF No. 31, PageID.246–47. Plaintiffs also state that they "believe that resolution of the State Litigation is linked to the claims, defenses, and viability of the conversion and conspiracy claims." ECF No. 32, PageID.369. Even the Sixth Circuit suggested that resolution because the conversion claim requires that Poe indeed owned the property at issue and the conspiracy claim hinges on the conversion claim. ECF No. 31, at PageID.247 (citing ECF No. 27, PageID.229–30) ("But Poe cannot assert his claim for conversion without establishing that he was the owner of the property, had legal possession of it or was entitled to possession.") (internal marks and citation omitted). This factor weighs heavily in favor of a stay.

### 2. *Judicial economy to be saved by waiting on a dispositive decision*

Saving judicial economy also strongly supports granting a stay. Allowing this case to proceed would waste judicial resources, as well as those of counsel, by duplicating the litigation of Poe's share ownership and creating a risk that the decisions of the two court systems would diverge. *See, e.g. Michael*, 325 F. Supp. 2d at 833 ("That effort would, however, be wasted and unnecessary, if the defendants' view prevails in the Supreme Court. Any interim victory plaintiffs might have reached here in the meantime wo[u]ld have been temporary and meaningless."). By waiting for the State Litigation to resolve, this Court can decide this case with full information, and both plaintiffs and defendants can avoid litigating the conversion and conspiracy claims in federal court that could become moot if the share issuance is validated by the Texas Probate Court.

### 3. *The public welfare*

A temporary delay will provide clarity about the legal findings that underpin the remaining claims in this case. Though swift resolution is generally considered in the public welfare, a short delay to streamline the case and its claims will save judicial economy and legal resources. *See Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) ("[The] court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay."); *Choon's Design Inc. v.*

5

*Tristar Prod., Inc.*, No. 14-10848, 2018 U.S. Dist. LEXIS 117200, at *9–10 (E.D. Mich. July 13, 2018) (Roberts, J.). This factor weighs in favor of a stay.

> *4. Hardship/prejudice to the party opposing the stay, given its duration."*

Little hardship will be created as a result of the requested stay because it is expected to be brief. According to Plaintiffs, the State Litigation is likely to be set for early 2024; so, by the time the stay lifts 30 days after a decision is rendered, the case can predictably proceed in less than one year. ECF No. 31, PageID.250; *Michael*, 325 F. Supp. 2d at 831, 833 (finding that the prejudice of a brief delay of less than one year was not enough to trump the other factors in a case that had been pending for nearly three years). Defendants point out that Plaintiffs have stated that continuing with the case now offends fairness and equity since Poe's rights are suspended in pending litigation. ECF No. 31, PageID.250 (citing ECF No. 21, PageID.179).

Therefore, all four factors weigh in favor of granting a stay. In their response to the motion, Plaintiffs discussed the factors in relation to a proposed order to enforce cooperation in discovery, to which the Court now turns.

### B. Whether the Court Also Should Include a Condition that FCA Comply with Discovery in the State Litigation

Poe has also asked the Court to enter a condition on the order to stay the case that: "Defendants, FCA US LLC, shall fulfill their

6

obligation to participate in discovery in the State Litigation." ECF No. 32-1, PageID.372. Plaintiffs assert they "will not be harmed by a stay unless that stay is used by Defendants to avoid discovery obligations in the State Litigation," and argue that FCA's mandated participation will conserve judicial economy, provide full information for the remaining claims, and prevent conflicting outcomes. ECF No. 32, PageID.369. However, Plaintiffs cite no case law supporting the position that this Court has authority to control discovery taking place under the supervision of an independent state court, such as the Texas Probate Court.

There being no evidence that FCA is currently using the stay as a "shield" in bad faith and considering that FCA has responded to a document subpoena in the State Litigation despite not being a party, ECF No. 33, PageID.374–75, the Court will not impose the requested condition. If FCA changes course, and for some reason thwarts discovery requests in the State Litigation which it would be bound to answer in this case, nothing would prevent Plaintiffs from bringing the matter to the attention of this Court if it would present grounds for lifting the stay.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to stay this case until 30 days after the resolution of *In the Matter of the Estate of Richard C. Poe, Deceased*, Cause No. 2015-CPR0818, Probate Court No. 1, El Paso County, Texas is **GRANTED**. The Court will not impose additional

conditions regarding discovery obligations. Further, Plaintiffs **SHALL FILE A STATUS REPORT** updating the Court on which pending claims remain before this Court within 14 days of the resolution of the State Litigation.

**IT IS SO ORDERED.**

Dated: December 5, 2023      /s/Terrence G. Berg
                                           HON. TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE